IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STARKO, INC. d/b/a MEDICINE CHEST #1
and JERRY JACOBS d/b/a PILL BOX PHARMACY
#4, for and on behalf of themselves and all others
similarly situated,

    Plaintiffs,

vs.                                                                                                        Civ. No. 01-0268 JP/WWD

NEW MEXICO HUMAN SERVICES
DEPARTMENT; DUKE RODRIGUEZ,
individually and as Secretary of the New Mexico
Human Services Department; MEDICAL
ASSISTANCE DIVISION OF THE NEW MEXICO
HUMAN SERVICES DEPARTMENT; CHARLES
MILLIGAN, individually and as Director of the
Medical Assistance Division of the New Mexico
Human Services Department; RAMONA FLORES-
LOPEZ, individually and as Assistant Director of the
Medical Assistance Division of the New Mexico Human
Services Department; LOVELACE HEALTH SYSTEMS,
INC., a New Mexico corporation, d/b/a LOVELACE
HEALTH PLAN; PRESBYTERIAN HEALTH PLAN, INC.,
a New Mexico corporation, d/b/a PRESBYTERIAN SALUD;
and CIMARRON HEALTH PLAN, INC., a New Mexico
corporation, d/b/a CIMARRON HEALTH MAINTENANCE
ORGANIZATION a/k/a CIMARRON HMO,

    Defendants.

MEMORANDUM OPINION AND ORDER

On May 10, 2001, the Plaintiffs filed Plaintiffs' Motion to Remand (Doc. No. 9). Having reviewed the parties' briefs and the relevant law, I find that the Motion to Remand should be granted and this case should be remanded to the Second Judicial District Court, Bernalillo County, New Mexico.

A.  Background

This case was initially filed in state court on August 1, 1997.  The original complaint was filed against the New Mexico Human Services Department, Duke Rodriguez, the Medical Assistance Division of the New Mexico Human Services Department, and Charles Milligan (collectively the State Defendants).  The lawsuit was a class action suit seeking "redress for the practices of Defendants in reimbursing pharmacies in New Mexico for services provided to recipients under Medicaid."  Para. 1 of Complaint.  The Counts in the Complaint included an allegation of violation of state law, an allegation of a civil rights violation under 42 U.S.C. §1983, a request for recovery under the New Mexico Declaratory Judgment Act, and a request for injunctive relief.

During the course of the state court proceedings, the State Defendants filed three motions to dismiss and a motion for summary judgment.  The State Defendants requested hearings on those motions and engaged in some discovery.  They also filed a motion to strike the Plaintiffs' motion to amend the Second Amended Complaint and requested a hearing on that motion.

The Complaint was amended  twice in state court.  The First Amended Complaint added Ramona Flores-Lopez as a another State Defendant and included state claims as well as the federal civil rights claim.  The Second Amended Complaint, filed February 6, 2001, added Defendants Lovelace Health Systems, Inc., Presbyterian Health Plan, Inc., and Cimarron Health Plan, Inc. (collectively the MCOs).  The Second Amended Complaint expanded on the purpose of the lawsuit by stating that "[t]his class action seeks redress for the millions of dollars in excess profits and revenues retained by the State of New Mexico and the Defendant Managed Care Organizations (collectively the "MCOs") pursuant to a scheme by which they systematically and

uniformly forced the Plaintiff pharmacies to accept Medicaid reimbursements well below those permitted by law." Para. 2 of Second Amended Complaint.  The Second Amended Complaint contains state law claims as well as the federal civil rights claim.  On March 8, 2001, Defendant Lovelace Health Systems, Inc. filed a Notice of Removal (Doc. No. 1) based on federal question jurisdiction.  The other MCOs joined in the Notice of Removal.  The State Defendants, however, did not affirmatively join the Notice of Removal but rather indicated that they did not oppose the removal and expressly did not waive their Eleventh Amendment immunity or any other applicable immunities.

The Plaintiffs argue that this case should be remanded for four reasons:  1) the notice of removal is untimely because it was filed years after the case could have been first removed in 1997; 2) the notice of removal is untimely because it was filed more than 30 days after the State Defendants were served with a copy of the Second Amended Complaint; 3) the State Defendants have not given proper consent to the removal; and 4) there is no federal question jurisdiction. The Plaintiffs also ask that the Court award them attorneys' fees and costs for filing this Motion to Remand.

B. Discussion

      1. Is the Notice of Removal untimely because it was filed years after the case could have been first removed in 1997?

The guiding statutory provision in determining the timeliness of the filing of a notice of removal is 28 U.S.C. §1446(b). Section 1446(b) provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial

> pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....

The Plaintiffs argue that this case was removable in 1997 because the federal civil rights claim provided federal question jurisdiction. Since the thirty day removal period has long since expired for removing the case in 1997, the Plaintiff concludes that a remand is appropriate notwithstanding the addition of the MCOs and other claims in 2001. The Plaintiff contends that the nature of the lawsuit did not substantially change with the filing of the Second Amended Complaint. The MCOs assert[1] that the 1997 Complaint did not provide unequivocal notice that the State Defendants had a right to remove the case. Accordingly, the MCOs maintain that the state case was not removable in 1997.

The thirty day period for removal applies to an initial pleading if that pleading gives clear and unequivocal notice that there is a right to remove. *Akin v. Ashland Chemical*, 156 F.3d 1030, 1035-36 (10th Cir. 1998), *cert. denied*, 526 U.S. 1112 (1999)(citing *DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir. 1979)). Here, the Plaintiffs alleged in Count Two of the 1997 Complaint that the initial State Defendants deprived them of their property without due process of law as guaranteed by the Fourteenth Amendment, in violation of 42 U.S.C. §1983. Count Two provides clear unequivocal notice of a federal claim sufficient to support federal question

---

[1] The State Defendants did not respond to the Motion to Remand. The failure to respond constitutes consent to remand. *See* D.N.M. LR-Civ 7.5(b). Although the failure to respond is convincing evidence that the State Defendants may not have unequivocally consented to the removal, I will nonetheless address the Plaintiffs' arguments in favor of remand.

jurisdiction. Consequently, the state case was removable in 1997.

The fact that the Second Amended Complaint added Defendants and other claims does not change the conclusion that the state case was removable in 1997. If the original complaint is removable, an amended complaint will begin the thirty day removal period anew only if the amended complaint alters the character of the lawsuit so as to begin an entirely new case. *See Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc.*, 668 F.2d 962, 965-66 (7th Cir.), *cert. denied*, 459 U.S. 831 (1982); *Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F.Supp. 970, 972 (N.D. Cal. 1989); *Adams v. Western Steel Buildings, Inc.*, 296 F.Supp. 759, 761-62 (D. Colo. 1969). The character of this lawsuit was not changed when the Plaintiffs filed the Second Amended Complaint. The Plaintiffs have complained throughout this lawsuit that the State Defendants and now the MCOs have not reimbursed them at the correct rate for prescription drugs dispensed under the Medicaid plan. Because this lawsuit was removable in 1997 and the nature of the lawsuit did not change substantially by the filing of the Second Amended Complaint, the State Defendants, in effect, waived their right to removal by not filing a timely notice of removal in 1997. "The failure to file a timely notice of removal is a procedural defect requiring remand." *Chavez v. Kincaid*, 15 F.Supp.2d 1118, 1124 (D.N.M. 1998)(citations omitted).

In addition, it is clear that the State Defendants waived their right to removal by defending the action in state court and invoking the state court's process. *See id.* at 1125*; Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). The State Defendants did not attempt to maintain the *status quo* of the state case but instead filed three motions to dismiss, a motion for summary judgment, requests for hearings on those motions, and served the Plaintiffs with a discovery request, all after the State Defendants should have ascertained they had a right to

5

removal. *See id.* Remand is appropriate on this ground as well. Since the State Defendants waived their right to removal, there is no need to address the other remand issues raised by the parties.

2. Attorney's Fees and Costs

28 U.S.C. §1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorney's fees and costs under §1447(c) is discretionary. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). The key factor in determining whether attorney's fees and costs should be awarded is the propriety of the removal. *Id.* The issue of whether the State Defendants had waived their right to removal was straightforward. The MCOs should have recognized at the time of removal that the State Defendants had waived their right to removal. Moreover, the State Defendants' failure to respond to the Motion to Remand is indicative that there were problems with the removal. For these reasons, I find that an award of attorney's fees and costs under §1447(c) is warranted.

IT IS ORDERED that:

1. Plaintiffs' Motion to Remand (Doc. No. 9) is granted;

2. Plaintiffs' request for attorney's fees and costs is granted;

3. Plaintiffs must file an itemized accounting and other evidence (affidavits and time records) documenting the attorney's fees and costs they have incurred as a result of this removal by July 2, 2001; Defendants may file any opposition to the Plaintiffs' proposed attorney's fees

and costs by July 16, 2001; and the Plaintiff may reply by July 23, 2001.

_____
CHIEF UNITED STATES DISTRICT JUDGE